[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter involves a de novo appeal from a tax assessment placed on a parcel of land owned by the plaintiff in the Town of Bethany, pursuant to Sec. 12-118 of the statutes.
The plaintiff Stahl has owned this irregularly shaped parcel of land, comprising 1.4 acres, in Bethany, for about 50 years. The only legal access is obtained over an 830' long, and 50' wide, right of way from Amity Road, a main road in the town. Although the owner also has an entry to this parcel by traversing a parcel of land on Round Hill Road, owned by his wife, with whom he has an oral agreement allowing such use, she has not granted him a right of way by a written legal document.
The appraised property is located in a residential R-65 zone allowing single family houses to be built, but, because of its somewhat irregular shape, the location of a house there would be constricted. The evidence adduced suggests that in order to build a house, extensive and costly preparation of the land would be required. The plaintiff's appraiser, Norman Benedict, testified and estimated that the total cost of the grading required for the installation of a 10' wide driveway, approximately 830' long, would be $14,110. In addition, in his opinion, there would be costs of $6,225. to bring electricity and telephone, plus $1,328. for grading and peripheral costs of about $2,000. for insurance during construction, and $2,000. for legal expenses.
Two appraisers testified at the trial: for the plaintiff, Norman Benedict, a seasoned appraiser of many years experience in New Haven County and other sections of the State: and for the defendant, David Gardner, who is a "Supervisor/Associate appraiser" for Lesher-Glendinning Municipal Services Ins., whose principal office is in Georgetown, CT.
Benedict presented a detailed appraisal report, Exhibit C, in which he sets forth his analysis of the land parcel involved and the residential use to which it could be put. He made a study of sales in the R-65 zone involved, and testified that the only sales of similar parcels he could find, all had direct street frontage, and were located on town-dedicated streets. Benedict further testified that he studied 12 sales of land in the same R-65 zone where the quality of the land, the parcel shape, and development potential, were similar to the subject property.
He concluded that the average price per acre of the five sales considered by him to be the most comparable, was $48,301. CT Page 3783 per acre. He also qualified his opinion by pointing out that, as a small 1.40 acre lot, it would have a higher value than a large, 2 or 3 acre lot.
In his opinion, if the lot being taxed had a better shape and topography, it might well be worth considerably more, but it would require substantial upgrading at a cost of approximately $20,000.
He took into account the fact that the lot was an atypical one in the R-65 zone, since it is not cleared and is not located on a dedicated street. Because, in his opinion, costs of approximately $23,863. would have to be incurred to make the parcel marketable; he placed the market value of the appraised property at $45,000. In his report, p. 2 of Exhibit C, however, he sets forth that the lot had a market value of $46,137.
The defendant's appraiser, Gardner, admitted that his market value estimate, as of October 1, 1989, "was rendered as part of the 10 year tax equalization program conducted by our firm on behalf of the town". Gardner rendered his opinion that the market value of the land in fee simple was $85,000., based on a comparable sales analysis made by him of five sales.
The explanation that appraiser Gardner sets forth above that his firm was in the process of conducting a tax equalization program for the town makes it reasonable to infer that he may not be entirely neutral in fixing a market value in this case.
It appears, as per his appraisal letter, Exhibit 3, sent to the Bethany Assessor, Francis J. Barta, that the 5 comparable sales studied by appraiser Gardner, were also in the list of comparable sales studied by Benedict, Exhibit C, P. 3.
Gardner sets forth in his listing of his "qualifications, education and experience, (Exhibit 3, P. 3), that he is certified by the State Office of Policy and Management" to appraise property in Connecticut, and is also a "Certified Connecticut Municipal Assessor." However, Exhibit 3 recites that he has had only five years of residential appraisal experience.
Based on the evidence adduced, the undersigned finds that the plaintiff has sustained his burden of proof by a preponderance of the evidence, as set forth in the opinion testimony of the two opposing appraisers, to show that he has been aggrieved by the action of the defendant town's Board of Tax Review. As the defendant admits in its "Trial Brief and Claims of Law", the court, on finding the required aggrievement, can then proceed to use its discretionary power to grant relief to the property owner.
CONCLUSION CT Page 3784
The undersigned concludes that the market value of $85,000. placed on the subject property by defendant's appraiser, Gardner, does not conform to the directive, in Section 12-6 of the statutes that "all real estate shall be taxed at a uniform percentage of its true and actual value"; and that, although giving the valuation of $85,000., placed by the defendant's assessor Barta, proper deference, it is not controlling for a determination of the undersigned of the fair value of the parcel in issue, for taxation purposes in the instant matter. See Burrit Michael Savings Bank v. New Britain, 146 Conn. 669, 675.
The undersigned, therefore, concludes that a true and actual market value of $63,000. for taxation purposes, would be fair and equitable, based on the evidence adduced, and the applicable law. O'Brien v. Board of Tax Review, 169 Conn. 129, 131 (1979).
The undersigned viewed subject premises on May 23, 1991, and has taken account of this viewing in the instant Memorandum of Decision.
Accordingly, judgment is entered that the true and actual market value of the subject property for the purposes of taxation is $63,000. which amount is subject to a reduction of 70% by the Tax Assessor of the Town of Bethany for the purpose of taxation.
A. FREDERICK MIGNONE STATE TRIAL REFEREE